IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK JOE SORRELLS, SR., Individually and as Representative of The Estate of Rick Joe Sorrells, Jr., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4711-K |
| AMERICAN MEDICAL RESPONSE, INC., d/b/a AMR HUNT COUNTY, AMERICAN MEDICAL RESPONSE AMBULANCE SERVICES, INC., d/b/a AMERICAN RESPONSE, and HUNT COUNTY EMS, | § § § § § § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 29). After careful consideration of the motion and appendix, the response, the reply, the applicable law and the record, the Court **GRANTS** the motion.

Also before the Court is Defendants' request that Plaintiff's response (Doc. No. 35) be struck as untimely. Although Plaintiff filed his response five (5) days after the extended deadline, the Court **DENIES** Defendants' request to strike the response. Regardless of whether the response is considered or struck, the outcome is the same.

ORDER – PAGE 1

A. **Factual and Procedural Background**

Defendant American Medical Response Ambulance Services, Inc. ("AMR") has a contract to be the exclusive provider of emergency medical services in Hunt County, Texas. On November 30, 2011, Rick Joe Sorrells, Jr. ("Sorrells Jr."), along with his father Plaintiff Rick Joe Sorrells, Sr. ("Plaintiff"), was visiting a home located in Royce City, Hunt County, Texas, when Sorrells Jr. became seriously ill. He was only intermittently responsive and was gurgling copious amounts of fluid in his bronchial airway. A call to 9-1-1 was placed and AMR Emergency Medical Technicians ("EMTs") responded in an ambulance owned and operated by AMR. Plaintiff alleges that the EMTs brought only a backboard inside the house, no suctioning device, and placed Sorrells Jr. in a supine position on the backboard without first suctioning or attempting to clear his airway. After an exchange between the EMTs and Plaintiff, the EMTs placed Sorrells Jr. in the ambulance and he was then suctioned. Plaintiff alleges this suctioning procedure was delayed for several minutes and, as a result, Sorrells Jr. literally drowned in his own bodily fluids. After he was suctioned but before the ambulance left, Sorrells Jr. suffered cardiac arrest. The EMTs were able to resuscitate him and transported him to Hunt Regional Medical Center ("Medical Center").

At the Medical Center, Sorrells Jr. was assessed and medical personnel determined he was in cardiogenic shock and renal failure. They decided to transport him via helicopter to a Dallas hospital for nephrology treatment; but, he suffered another cardiac arrest in the helicopter and died. An autopsy was conducted and the cause of death was determined to be acute bronchopneumonia.

On November 27, 2013, Plaintiff filed this lawsuit against Defendants. Plaintiff alleges that the EMTs were negligent in their actions and omissions in that they failed to exercise reasonable care that a trained EMT would have used under the same or similar circumstances. More specifically, Plaintiff alleges that as a result of the suffocating effects Sorrells Jr. suffered from the EMTs failure to suction or otherwise clear his airway, he suffered cardiac arrest in the ambulance. Plaintiff seeks survival damages, wrongful death damages, and bystander damages. Defendants filed this motion for summary judgment on April 15, 2015.

### A. Applicable Law

#### 1. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is

"genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*., 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must show a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to

make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

### 2. Applicable State Law

Plaintiff alleges a Texas state law claim of negligence against Defendants. To be successful on this claim, Plaintiff must prove by competent evidence the following four elements: (1) a duty by the Defendants to act according to a certain standard of care; (2) breach of that applicable standard of care by Defendants; (3) and injury; and (4) a sufficient causal connection between the breach of the standard of care and the injury. *See Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex. 1988). Defendants concede the first and third elements.

Texas Civil Practice and Remedies Code § 74.152, also known as the Good Samaritan statute, provides that:

> Persons not licensed or certified in the healing arts who in good faith administer emergency care as emergency medical service personnel are not liable in civil damages for an act performed in administering the care unless the act is wilfully or wantonly negligent. This section applies without regard to whether the care is provided for or in expectation of remuneration.

TEX. CIV. PRAC. & REM. CODE § 74.152. Texas law is clear that EMTs fall within the scope of this provision. *See Dunlap v. Young*, 187 S.W.3d 828, 830-832 (Tex.App.—Texarkana 2006); *Moore v. Trevino*, 94 S.W.3d 723, 727-728 (Tex.App.—San Antonio

2002, pet. denied). Therefore, for EMTs to be liable for medical negligence related to administering emergency care, their conduct must be wilfull or wanton; otherwise, they are specifically exempted from civil liability.

   a. Breach of Standard of Care

Defendants argue the evidence establishes that the EMTs' actions were not wilfull or wanton. Defendants cite to specific summary judgment evidence showing that the EMTs wanted to give Sorrells Jr. the appropriate care to help him, and also that they believed their actions of removing him from the house first before suctioning him were necessary because of Plaintiff's own actions that were impeding the EMTs. Plaintiff responds that he is not required to prove Defendants' conduct was wilfull or wanton, but he never states what standard does apply. Plaintiff merely states that section 74.152 does not apply because Defendants anticipated remuneration for its employees' actions, then he cites section 74.151. Plaintiff is simply wrong. By its own language, section 74.152 applies to emergency medical service personnel, such as Defendants, regardless of whether the care is being provided for or in expectation of payment. Case law also supports the application of section 74.152 to EMTs specifically. Despite his unsupported argument to the contrary, Plaintiff is required to establish that Defendants' conduct was wilfull or wanton in order to establish negligence.

The Court finds Defendants presented competent summary judgment evidence to establish that their conduct was not wilfull or wanton, therefore no material issue of fact exists on this issue. Once Defendants met their summary judgment burden, it then shifted to Plaintiff to present evidence to show a genuine fact issue for trial exists on Defendants' alleged negligent conduct. *See Celotex*, 477 U.S. at 321-25 (nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists). Plaintiff could meet his burden by providing depositions, affidavits, and other competent evidence, but not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass*, 79 F.3d at 1429. Plaintiff presents absolutely no argument and no summary judgment evidence to establish a genuine material issue as to Defendants' conduct being willful or wanton. Plaintiff simply makes a general reference to the report of his expert witness, Dr. Thomas Glimp, which was not submitted as summary judgment evidence but, instead, was submitted as an appendix to a separate filing (Plaintiff's Identification of Expert Witnesses, Doc. No. 24). Even if this expert report was competent summary judgment evidence, Plaintiff does not provide any specific citation to the report which would meet his burden of establishing a fact issue exists as to Defendants' conduct being wilfull or wanton. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (Rule 56

does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment).  Plaintiff simply contends that wilfull or wanton is not the correct standard, but he offers no alternative.  Furthermore, Plaintiff cites section 74.151 as the correction section because Defendants anticipated remuneration for the services of its EMTs.  Even though that section does not apply in this instance, Plaintiff apparently did not carefully read section 74.151 as it also requires a wilfull or wanton standard.  *See* TEX. CIV. PRAC. & REM. CODE § 74.151.

   Under applicable section 74.152, Plaintiff would be required to establish at trial that Defendants' conduct was wilfull or wanton in order to prove Defendants were liable for medical negligence.  But Plaintiff fails to establish a genuine issue of material fact as to the existence of this essential element of his medical negligence case.  *Celotex*, 477 U.S. at 322 (if the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted).  The Court finds that no genuine issue of material fact exists on whether Defendants meet the wilfull or wanton negligence standard; therefore, summary judgment is appropriate on Plaintiff's sole claim. *See Celotex*, 477 U.S. at 322 (summary judgment

is appropriate when summary judgment evidence shows that no genuine issue of material fact exists).

Because Plaintiff failed to meet his burden related to the second factor, breach of the standard of care, the Court need not address the remaining disputed element of causation. Furthermore, Plaintiff is not entitled to any damages as he failed to meet his summary judgment burden related to his medical negligence claim.

**B. Conclusion**

The Court finds summary judgment is appropriate on Plaintiff's claim for negligence for the foregoing reasons. Therefore, this case is **dismissed with prejudice**.

**SO ORDERED.**

Signed August 26th, 2015.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE